IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 99-CR-0033-004-TCK |
| v. | ) | |
| | ) | USM Number: 08488-062 |
| LAMONT WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is the motion of defendant for reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Doc. 748). At re-sentencing on remand, the Court imposed a term of 240 months imprisonment as to count one. In arriving at this sentence, the Court determined that defendant conspired to distribute 299 grams of crack cocaine, which called for a base offense level 34 under USSG § 2D1.1. The Court enhanced four levels based upon two-level enhancements for the use of a firearm, and for being an organizer or supervisor. This resulted in a total offense level 38 and a sentencing range of 235 to 240 months.[1] In July 2008, the Court reduced the imprisonment term based on retroactive Amendment 706, which revised § 2D1.1 reducing the base offense level two levels to level 32. Application of the same enhancements provided for a total offense level 36 and an amended guideline range of 188 to 235 months. The Court reduced the term of imprisonment to 188 months.

---

[1] The calculated range was 235 to 293 months. However, the defendant was convicted of an offense that carried a statutory maximum term of 20 years. Accordingly, pursuant to USSG § 5G1.1(c)(1), the guideline range was 235 to 240 months.

Retroactive Amendment 750 again revises § 2D1.1, reducing the base offense level for many, but not all cases involving crack cocaine. The Amendment 750-revised § 2D1.1(c) provides for a base offense level 32 if the offense involved at least 280 grams but less than 840 grams of cocaine base. As defendant is responsible for 299 grams of crack cocaine, the base offense level remains unchanged. With the addition of the same enhancements as applied originally, defendant's total offense level is 36, the same total offense level and sentencing range determined under Amendment 706.

Although Amendment 750 is applicable, it does not lower defendant's sentence. A reduction of a term of imprisonment is not authorized by § 3582(c) if the retroactive amendment does not have the effect of lowering a defendant's applicable guideline range. See USSG §1B1.10(a)(2)(B). As the facts establish that defendant's sentence is not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, this Court is without jurisdiction to consider a reduction of sentence under § 3582(c). See United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996).

**IT IS THEREFORE ORDERED** that the defendant's motion for reduction of sentence (Doc. 748) is **dismissed for lack of jurisdiction**.

**DATED** this 31st day of January, 2012.

*[signature: Terence Kern]*
**TERENCE KERN**
**United States District Judge**